UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> vs. <br><br> VALERIE LUCIER, <br><br>           Defendant. | Criminal No. 1:19-cr-40049-TSHs |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Assistant United States Attorney Alathea E. Porter, respectfully submits its Sentencing Memorandum for the defendant, Valerie Lucier (hereinafter, "Lucier"). Given the nature and circumstances of Lucier's offense, her history and characteristics, her exemplary participation in RISE, and the factors set forth in 18 U.S.C. § 3553, a sentence of time-served, followed by four years of supervised release, is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553.

### Background

On September 2, 2020, the defendant pled guilty to count one of an eight-count superseding indictment, charging her with conspiracy to distribute and to possess with intent to distribute controlled substances, including heroin, fentanyl, cocaine base, and cocaine, in violation of 21 U.S.C. § 846. As set forth in the Presentence Report ("PSR"), revised September 22, 2021, Lucier has struggled with addiction for at least a decade and she sold drugs in small quantities to support that addiction. PSR ¶¶ 9, 13-26, 85. Lucier was intercepted over wiretaps on telephones used by her suppliers. PSR ¶¶ 9, 13-26. Based on surveillance and interceptions, investigators estimate that Lucier purchased over 64.75 grams of crack cocaine, approximately 7 grams of powder cocaine,

and approximately 6 grams of a heroin/fentanyl mixture during the conspiracy period. PSR ¶ 33.[1] Investigators believe that Lucier used most of the drugs she purchased, and only resold a portion to support her addiction. PSR ¶ 9.

After being arrested in this case, Lucier was released and entered drug treatment, which she successfully completed. PSR ¶¶ 73, 84-92. In February 2020, Lucier entered the RISE program and, by all accounts, she thrived in the program. Not only did Lucier maintain employment, but she was promoted, all the while maintaining her sobriety. Additionally, Lucier has rebuilt familial relationships with her parents and her daughter, who has been in the custody of Lucier's parents for many years due to Lucier's addiction. PSR ¶ 71; RISE Final Report, dated November 29, 2021. These accomplishments should be recognized and applauded, particularly considering the challenging nature of the last two years.

## Guidelines Calculation

The United States Probation Office ("Probation") concluded that Lucier's advisory guideline sentencing range ("GSR") was 46-57 months, based on a total offense level of 21 and a criminal history category of III. PSR ¶ 105. With all due respect, the government disagrees with this calculation. Probation calculated Lucier's GSR using the heroin guidelines for each instance in which Lucier ordered "brown," however, the government takes the position that the substance should be treated as fentanyl, since all the "heroin" or "brown" seized in the case was actually a mixture of heroin and fentanyl.[2] Additionally, as is set forth in detail below, the government believes that two downward variances are warranted.

---

[1] As noted below, all the "heroin" or "brown" seized during this investigation (approximately 1.8 kilograms from 13 different seizures) was actually a mixture of heroin and fentanyl. As such, the government takes the position that all so-called heroin or "brown" in the case should be calculated as fentanyl.

[2] The government's position is consistent with how Probation and the Court calculated so-called heroin or "brown" in determining the GSR for a co-defendant in this case, Shastaalena Blair, who was sentenced by the Court on January 10, 2022.

**Downward Variance Recommendations**

First, as the Court may be aware, on June 22, 2021, the Department of Justice provided testimony to Congress in support of the EQUAL Act (H.R. 1693), which would eliminate the powder-to-crack disparity in Title 21 of the United States Code. Although the EQUAL Act is still pending legislation, consistent with the law and current sentencing framework, in assessing the Section 3553(a) factors, the Court may consider whether a downward variance is warranted based on the powder-to-crack disparity.

If the Court were to calculate Lucier's base offense level treating the "brown" as fentanyl and treating all the cocaine as powder cocaine, her base offense level would be 16.[3]

Second, the government takes the position that a two-level downward variance is warranted since the safety valve provisions of the 2021 Sentencing Guidelines Manual (§ 2D1.1(b)(18) and § 5C1.2(a)(1)) have not been amended pursuant to the First Step Act, and therefore the guidelines are inconsistent with the statute. *Compare* U.S.S.G. § 5C1.2(a)(1) to 18 U.S.C. § 3553(f)(1).

If the Court were to adopt these downward variances, Lucier's adjusted Total Offense Level would be 12, resulting in a GSR of 15-21 months.

**Sentencing Recommendation**

Lucier has demonstrated that she has been rehabilitated. She has positively turned her life around over the last two years, including a full year of sobriety and productivity before entering the RISE program. Considering the nature and circumstances of Lucier's involvement in the offense, her personal characteristics and history, and the rehabilitation she has demonstrated, the government recommends a sentence of time-served, which will allow her to remain on a productive path. Such a sentence is sufficient, but not greater than necessary to achieve the goals set forth in

---

[3] This calculation is based on 71.75 grams of powder cocaine and 6 grams of fentanyl, resulting in converted drug weight of 293.5 kilograms.

Section 3553(a) of Title 18.

## CONCLUSION

For the reasons set forth herein, as detailed in the PSR, and as will be addressed at the sentencing hearing, the government believes that a sentence of time-served, followed by four years of supervised release, is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553.

DATED: January 26, 2022

                                            Respectfully submitted,

                                            RACHAEL S. ROLLINS
                                            United States Attorney

By:   */s/ Alathea E. Porter*
       Alathea E. Porter
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Alathea E. Porter*
                                            Alathea E. Porter
                                            Assistant U.S. Attorney